*tant District Attorney*, for appellee.

## A93A0054. DAVIS v. THE STATE.
(432 SE2d 229)

BLACKBURN, Judge.

On October 21, 1988, the appellant was issued a uniform traffic citation charging him with driving under the influence. He was tried and convicted of that offense in the Probate Court of Upson County, and that conviction was upheld on appeal to the Superior Court of Upson County. On November 27, 1990, however, this court reversed the conviction on the grounds that in the probate court the appellant had not waived in writing his right to trial by jury. *Davis v. State*, 197 Ga. App. 746 (399 SE2d 554) (1990). (That holding has since been invalidated by *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991), in which the Supreme Court held that in the absence of a timely objection to proceeding without a jury, the right to jury trial is waived.)

Upon retrial of the case, the appellant requested a jury trial, and the matter was transferred to the Superior Court of Upson County. Pursuant to OCGA § 40-13-3, the appellant's case could not be tried in the superior court without a formal accusation, and on July 25, 1991, an accusation was filed charging the appellant with the same offense for which he was originally tried and convicted. The appellant then filed a plea in bar, asserting that prosecution of the DUI charge is now barred by the statute of limitation. The trial court denied that plea in bar, and this appeal followed.

The appellant's sole contention is that because the accusation was filed more than two years after the date of the offense, his prosecution is barred by the statute of limitation. In the recent case of *State v. Rustin*, 208 Ga. App. 431 (430 SE2d 765) (1993), this court considered the identical issue presented by the instant case, and decided it adversely to the appellant. Specifically, the prosecution actually was commenced upon the issuance of the uniform traffic citation, and the filing of the accusation in July 1991, required by OCGA § 40-13-3 before the matter could be tried in the superior court, in no way constituted commencement of a new prosecution. Accordingly, the trial court properly denied the appellant's plea in bar.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993 —
RECONSIDERATION DENIED JUNE 8, 1993

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney, for appellee.