## A03A1107. BISHOP v. THE STATE.
(582 SE2d 571)

ELDRIDGE, Judge.

James Michael Bishop filed a motion to dismiss and plea in bar in the Superior Court of Monroe County based upon (1) the State's alleged failure to try Bishop within the two-year statute of limitation for the misdemeanor traffic offenses with which he was charged, and (2) an alleged violation of Bishop's statutory right to a speedy trial pursuant to OCGA § 17-7-170. The trial court denied the motions, and following a bench trial, Bishop was convicted of the charged offenses, failure to maintain a lane and DUI. He appeals, claiming error solely on the basis of the denial of his motion to dismiss and plea in bar. On review of the record before us, we affirm.

1. Bishop first contends that "[t]he trial court erred when it denied appellant's motion to dismiss appellant's charges due to the two year statute of limitations having expired before prosecution commenced." This claim is without merit.

OCGA § 17-3-1 (d) provides that prosecution for misdemeanors must be commenced within two years after commission of the crime. A prosecution "commences" when a charging instrument, such as an accusation, indictment, or Uniform Traffic Citation ("UTC"), is issued[1] and "continues until there has been a final disposition of the

---

[1] *State v. Rustin*, 208 Ga. App. 431, 432-433 (430 SE2d 765) (1993).

case."[2] Here, the UTCs charging Bishop with failure to maintain a lane and DUI were issued on the same day the offenses occurred, October 3, 1999; they were filed with the Probate Court of Monroe County; and Bishop served the State with his discovery requests on November 9, 1999. Accordingly, the prosecution "commenced" within the two-year statute of limitation.

We reject Bishop's contention that, pursuant to his demand for transfer to superior court in order to be tried by a jury, his subsequent March 2002 superior court indictment for the same offenses contained in the UTCs is the "commencement" of a new prosecution outside the statute of limitation.[3] Clearly, Bishop's superior court indictment is simply a continuation of the same prosecution commenced at the issuance of the UTCs.[4] "[T]he filing of the accusation . . . , required by OCGA § 40-13-3 before the matter could be tried in the superior court, in no way constituted commencement of a new prosecution."[5]

2. In his last claim of error, Bishop contends that "[t]he trial court erred when it denied appellant's plea in bar based on the denial of appellant's right to a speedy trial." This claim is meritless.

On November 9, 1999, Bishop filed a "Demand & Waiver," which stated as follows:

> Comes now the above named defendant and waives a trial by jury in order to be tried in the Probate Court of Monroe and objects to transferring this case to any other Court and waives no other rights to which he is entitled. *In the event this case is transferred to another Court*, the defendant demands a speedy trial by jury pursuant to OCGA § 17-7-170 at the present term of the Superior Court of Monroe County or the next term or else all charges be dismissed with prejudice.

(Emphasis supplied.)

Approximately two years later, in October 2001, Bishop filed a "Demand for Transfer to Monroe County Superior Court" so that his case could be tried to a jury. His case was transferred. Thereafter, Bishop filed a "Waiver" stating that he "hereby withdraws his request for a trial by jury and demand for speedy trial." Bishop opted for a bench trial, held on September 25, 2002, after which he was found guilty as charged.

---

[2] *Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999).

[3] See OCGA § 40-13-3 (traffic offenses are triable on complaint without indictment except in superior courts).

[4] *State v. Rustin*, supra at 433.

[5] *Davis v. State*, 208 Ga. App. 845 (432 SE2d 229) (1993).

Now, before this Court, Bishop contends that the State's failure to try him within two terms from the date of the transfer of his case to superior court, pursuant to his original November 1999 "Demand & Waiver" invoking OCGA § 17-7-170, should have resulted in his absolute discharge and acquittal. However:

(a) Bishop, in open court and in writing, withdrew his demand for a speedy trial, thereby waiving this issue.[6]

(b) Bishop's "Demand & Waiver" invoking OCGA § 17-7-170 was binding only in the probate court in which the demand was filed, since transfer to superior court occurred at Bishop's request.[7] His failure to file such demand in superior court made OCGA § 17-7-170 inapplicable.

(c) Bishop's equivocal "Demand & Waiver," wherein the request for a speedy trial was advanced only upon the occurrence of a condition precedent, i.e., transfer to superior court, was insufficient to invoke the extreme sanctions authorized by OCGA § 17-7-170.[8] "A demand for trial will not be considered sufficient to invoke the extreme sanction of OCGA § 17-7-170 unless it is presented for what it is — a demand to be tried within the next succeeding term of court."[9]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 2, 2003.

*Virgil L. Brown & Associates, Virgil L. Brown, Ronald J. Ellington*, for appellant.

*Richard G. Milam, District Attorney, Jason S. Johnston, Assistant District Attorney*, for appellee.

---

[6] See, e.g., *Thornton v. State*, 264 Ga. 563, 574 (18) (449 SE2d 98) (1994) (defendant withdrew his demand for speedy trial in open court).

[7] OCGA § 17-7-170 (a).

[8] *Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762) (1984).

[9] (Citation and punctuation omitted.) *Chastain v. State*, 237 Ga. App. 640, 641 (516 SE2d 362) (1999).