## A06A1644. WILLIAMS v. WENDLAND.
(640 SE2d 684)

MILLER, Judge.

Beverly A. Williams sued Randy J. Wendland for personal injuries sustained in a September 2001 automobile accident. Wendland moved to dismiss the complaint, arguing insufficient service of process, and the trial court granted Wendland's motion. Williams appeals, claiming that the trial court erred in finding that she failed to exercise reasonable diligence in perfecting service as quickly as possible after the expiration of the statute of limitation. We discern no error and affirm.

A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999). "Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them." (Citation omitted.) *Williams v. Jackson*, 273 Ga. App. 207, 208 (614 SE2d 828) (2005).

Here, the record shows that Williams filed her complaint on July 8, 2003. A deputy with the Chatham County Sheriff's Department attempted service on July 9, 2003, but was unsuccessful.

On August 6, 2003, Wendland filed a Special Appearance Answer in which he claimed insufficient service. Later that month, Judy Malchak, a paralegal with the law firm engaged by Williams, contacted a private investigator to assist her in locating Wendland. Through a contact provided by the private investigator, Malchak obtained the phone number of Wendland's mother, who provided her with the name of Wendland's place of business. Malchak telephoned Wendland at work, and Wendland provided her with his business address. Malchak instructed the Chatham County Sheriff's Department to attempt service at that address, but she testified that when the Sheriff arrived at that location on September 11, 2003, he was notified that Wendland no longer worked there.

Malchak again spoke with Wendland's mother, who provided her with a phone number for Wendland's brother in Savannah. Malchak reached Wendland at that number, and on September 29, 2003, she arranged for a special process server to perfect service at that

address. Meanwhile, the two-year period provided by the statute of limitation for Williams' personal injury claim had expired. See OCGA § 9-3-33.

From October 2003 until June 2004, the special process server unsuccessfully attempted service on Wendland at his brother's house. On June 15, 2004, Wendland filed a motion to dismiss for failure to perfect service. On June 22, 2004, Malchak telephoned Wendland's brother, who told her that Wendland had not lived with him for a while and that he believed his brother was living with their mother. That same day, Malchak spoke with Wendland's mother, who confirmed that Wendland had been living with her since February 2004.

In June and July 2004, Malchak placed two phone calls to the special process server with instructions to stop attempting service on Wendland at his brother's house and to return the service documents so that he could be served at his mother's house. On August 24, 2004 and September 3, 2004, Malchak sent letters to the special process server, again requesting the service documents. On September 15, 2004, almost a full year after the expiration of the period provided under the statute of limitation, Wendland was served with the complaint at his mother's house.

In order to toll the statute of limitation after the timely filing of a complaint, a plaintiff must show that she acted in a "reasonable and diligent manner in attempting to effectuate proper service as [soon] as possible." (Citation and punctuation omitted.) *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997). When the statute of limitation has expired, and a defendant raises the issue of defective service in his answer, the plaintiff must act with "the greatest possible diligence" from that point forward to serve the defendant or risk dismissal of her case. See *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000).

A review of the evidence before the trial court reveals no basis to support Williams' contention that the trial court abused its discretion in dismissing her claim. Instead, the evidence shows that although Malchak was informed that Wendland could be served at his mother's house on June 22, 2004, no effort was made to serve him at that address until September 15, 2004. The trial judge's order indicates that he exercised his discretion and found that the delay in service was attributable to Williams' failure to exercise either reasonable diligence or "the greatest possible diligence." *Ingraham*, supra, 246 Ga. App. at 447 (2). The record demonstrates no abuse of that discretion. Accordingly, the order of the trial court must be affirmed. *Forsyth v. Brazil*, 169 Ga. App. 438, 438-439 (313 SE2d 138) (1984).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 19, 2006.

*Billy E. Tomlinson*, for appellant.
*Vanice H. Sikes, Jr.*, for appellee.