## FOURTH DIVISION
## DOYLE, P. J.,
## COOMER and MARKLE, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 27, 2019**

# In the Court of Appeals of Georgia

A19A0510. JENKINS et al. v. KEOWN et al.                    DO-019

DOYLE, Presiding Judge.

Following an automobile collision, Sarah Jenkins and her adult daughter, Regina Jenkins, sued the other driver, Kyle Keown, who allegedly rear-ended their vehicle, injuring them. After voluntarily dismissing that action, the Jenkinses filed the instant case as a renewal action. GEICO Indemnity Company, the alleged uninsured motorist carrier for Sarah, filed an answer and later moved for summary judgment, raising the issues of personal service on Keown and timeliness under the statute of limitation. Following a hearing, the trial court granted the motion and dismissed the case. On appeal, the Jenkinses argue that the trial court erred for the following reasons: (1) the record shows that Keown was properly served; (2) the statute of limitation was tolled under OCGA § 9-3-99 because Keown allegedly committed a

criminal traffic violation; and (3) only GEICO (not Keown) moved for summary judgment, so dismissing the entire case was improper. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

With respect to service of process, "[a] trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the trial court's findings will be upheld if there is any evidence to support them."[2]

This case is a renewal action from a prior complaint. The Jenkinses have alleged that on April 18, 2013, Regina was driving with her mother, Sarah, as a passenger when Keown rear-ended them, causing them both injuries. Although the

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] (Citations and punctuation omitted.) *Williams v. Wendland*, 283 Ga. App. 109 (640 SE2d 684) (2006).

prior complaint does not appear in the record, the parties do not dispute the trial court's statement that the prior action was filed on April 17, 2015, two days before the expiration of the two-year statute of limitation for a tort claim.[3] The Jenkinses attempted to serve Keown in that action by delivering the summons and complaint to his mother at 1508 Village Way in Jesup, Georgia, in June 2016. After GEICO moved for summary judgment challenging service, the Jenkinses voluntarily dismissed the action.[4]

The Jenkinses filed the renewal action (the instant case) on March 9, 2017.[5] On March 21, 2017, an entry of service was filed showing that the sheriff was unsuccessful in attempts to serve Keown at 1508 Village Way, with a notation that Keown had moved and had "unknown whereabouts." On April 3, 2017, the Jenkinses moved to serve Keown by publication.

On April 10, 2017, GEICO filed an answer denying coverage or liability to Regina as an insured. On April 17, 2017, an order of service by publication was

---

[3] See OCGA § 9-3-33.

[4] GEICO successfully had moved to dismiss the case due to the plaintiffs' lack of participation in discovery, but that order was later vacated.

[5] This apparently was within six months after the dismissal.

3

entered. On May 23, 2017, another unsuccessful entry of service was filed, noting that Keown was "living in Statesboro, GA, last known whereabouts per sister."

On September 20, 2017, GEICO moved for summary judgment in part on the ground that the Jenkinses did not successfully serve Keown in the original action, so the renewal action was barred by the statute of limitation. Therefore, GEICO argued, the Jenkinses' "claims against GEICO are barred because they will never be able to get a judgment against [Keown] first, as they are required by law to do."[6] GEICO attached affidavits from Keown, his mother, and his girlfriend averring that he did not reside at the 1508 Village Way address when he purportedly was served with the original action via his mother on June 29, 2016. They averred instead that he was a resident of Statesboro, Georgia, at that time. On September 27, 2017, Keown was personally served at a Statesboro address.

In October 2017, the Jenkinses responded to GEICO's summary judgment motion, generally reciting the summary judgment standard and urging that fact issues remained for determination by a jury. The same month, Keown filed an answer, asserting a statute of limitation defense. The trial court held oral argument on

---

[6] See generally *Durrah v. State Farm Fire & Cas. Co.*, 312 Ga. App. 49, 50 (1) (717 SE2d 554) (2011) ("The court . . . properly dismissed the renewal action against State Farm because no judgment could be obtained against the uninsured motorist.").

GEICO's summary judgment motion in December 2017, and in May 2018, entered an order granting the motion and dismissing the case on the ground that the Jenkinses did not perfect service against Keown in the original action, so the renewal action was invalid. The Jenkinses now appeal.

1. The Jenkinses argue that the trial court erred by ruling that Keown had not been properly served in the original action when they left a copy of the complaint and summons with Keown's mother at 1508 Village Way in Jesup, Georgia, in June 2016.

We begin our analysis with the general rule with respect to renewal actions.

> Pursuant to OCGA § 9-2-61 (a), a plaintiff may recommence an action after voluntarily dismissing it by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." But the privilege of renewal under this statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. [If a defendant] . . . was not personally served in the [prior] action[, then] . . . the action was void and not subject to renewal [after the statute of limitation has run].[7]

---

[7] (Citations and punctuation omitted.) *Williams v. Hunter*, 291 Ga. App. 731, 732 (662 SE2d 810) (2008).

Here, the trial court ruled that the Jenkinses did not perfect service upon Keown in the prior action, and the statute of limitation had run, so the Jenkinses could not renew the suit in the present action. Although the trial court granted summary judgment to GEICO, the trial court acts as the factfinder on the issue of sufficiency of service, and we will not disturb the trial court's findings on appeal if there is any evidence to support them.[8] The Jenkinses point to evidence that, during the period from December 2002 to 2016, Keown had registered to vote using the address at which they had attempted to serve him in the original action. They also point to a statement in Keown's present answer (filed in October 2017) that he admitted in paragraph one of the renewal complaint, i.e., that he "is subject to the jurisdiction of the Court because he is a resident of Wayne County, Georgia."[9] We take judicial

---

[8]See *Kidd v. First Commerce Bank,* 264 Ga. App. 536, 537 (1)(591 SE2d 369)(2003).

[9] The record contains what appears to be an answer from Keown in the prior action. The answer contests service, but it does not contain a stamp indicating that it was actually filed, nor does the record reveal the content of the original complaint he is alleged to have admitted in part. Based on our analysis above, the presence of the prior answer in the record, such as it is, does not require a different result.

6

notice of the fact that Jesup is in Wayne County and Statesboro (Keown's purported residence in his affidavit) is in Bulloch County.[10]

Nevertheless, even crediting the fact that in October 2017 Keown admitted that he resided in Wayne County, this was not a direct contradiction of the fact averred in his affidavit — that he did not live there at the time of the attempted June 2016 service at 1508 Village Way (in Wayne County) — even if his admission logically supported an inference to the contrary.[11] Further, in the October 2017 answer, Keown asserted a statute of limitation defense. Thus, the record is mixed on the question of Keown's residence in June 2016, and the trial court was entitled to resolve the question as the trier of fact. Because the affidavits submitted by Keown support the finding by the trial court that Keown did not live at Village Way when the Jenkinses

---

[10] See *Graham v. State*, 275 Ga. 290, 292-293 (2) (565 SE2d 467) (2002) (explaining that a court is authorized to judicially notice the local divisions of our own state, including the location of a city within a county).

[11] See generally *State Farm Mut. Automobile Ins. Co. v. Fabrizio*, 344 Ga. App. 264, 266 (809 SE2d 496) (2018) ("testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony") (punctuation omitted), quoting *Bradley v. Winn-Dixie Stores*, 314 Ga. App. 556, 557-558, n.8 (724 SE2d 855) (2012), and citing *Prophecy Corp. v. Rossignol*, 256 Ga. 27 (343 SE2d 680) (1986).

served his mother in June 2016, we defer to that finding.[12] Accordingly, the record supports the trial court's ruling that Keown was not served in the original action before it was dismissed, and evidence to the contrary in the record presents no basis for reversal.

2. The Jenkinses also argue that the statute of limitation was tolled under OCGA § 9-3-99, which provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1 [addressing childhood sexual abuse].

As the plaintiffs, it is the Jenkinses burden to demonstrate that the statute of limitation for their claim is tolled.[13] Here, they maintain that the conduct by Keown they alleged in their complaint could be considered a violation of OCGA § 40-6-49

---

[12] See *Williams*, 283 Ga. App. at 109-110.

[13] See *Harrison v. McAfee*, 338 Ga. App. 393, 395 (2) (788 SE2d 872) (2016).

8

(a): "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." The Jenkinses cite *Harrison v. McAfee*,[14] which addressed whether the statute of limitation for a tort claim against a bar and restaurant would be tolled based on the criminal conduct of an unknown gunman who shot the plaintiff while attempting to rob the defendant bar. The plaintiffs filed the tort claim approximately two months after the two-year statute of limitation, but within the statute of limitation tolling period applicable to a potential criminal prosecution based on the armed robbery and shooting, which potentially was tolled as long as the gunman remained unknown.[15] Overruling prior precedent, the *Harrison* court held that OCGA § 9-3-99 "applies regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action

---

[14] Id.

[15] See, e.g., OCGA §§ 17-3-2 (2) (tolling the statute of limitation for criminal prosecution during the time "[t]he person committing the crime is unknown"); 17-3-1 (b) (seven year statute of limitation for certain crimes punishable by death or life imprisonment), (c) (four-year statute of limitation for certain felonies).

arises."[16] Therefore, the Jenkinses argue, the statute should toll the two-year statute of limitation for the tort even though Keown has not been accused of a crime.

The Jenkinses' argument misapprehends the relevance of the factual scenario here and does not require reversal. The collision allegedly took place on April 18, 2013, so the two-year statute of limitation for the tort claim extended to April 18, 2015,[17] as did the two-year statute of limitation for the misdemeanor traffic offense identified by the Jenkinses.[18] This expiration date was two days after they filed the original action, and approximately two years before the renewal action. There is nothing in the record showing that Keown was ever issued a uniform traffic citation, nor have the Jenkinses adduced any evidence that Keown or anyone else was or could be prosecuted based on the collision. Accordingly, because the time for any prosecution has come and gone, and because there never was any pending prosecution nor could there be in the future, the holding in *Harrison*, which was

---

[16] Harrison, 338 Ga. App. at 402 (3).

[17] See OCGA § 9-3-33.

[18] See OCGA § 17-3-1 (e). See also *Bishop v. State*, 261 Ga. App. 445, 445 (1) (582 SE2d 571) (2003) (noting the two-year statute of limitations for issuing a traffic citation).

10

decided under a different scenario, does not require that the tort claim in this case be tolled under OCGA § 9-3-99.

3. Last, the Jenkinses argue that the trial court erred by granting GEICO's motion for summary judgment and dismissing the case despite the fact that Keown did not move for dismissal or summary judgment.[19] We note that GEICO argued the grounds supporting the trial court's order in its motion for summary judgment, so there was no surprise to the Jenkinses, and they took the opportunity to oppose the motion in briefing and at oral argument in the trial court. GEICO's liability is predicated in part on Keown's liability, and the trial court correctly held that the Jenkinses could not renew the suit against Keown in this action.[20] Therefore, in light of our rulings above, the trial court's ruling dismissing the case is supported by the law of the case, and this argument presents no basis for reversal.[21]

*Judgment affirmed. Coomer and Markle, JJ., concur.*

---

[19] Compare *Durrah*, 312 Ga. App. at 50 (noting that both the defendant and the uninsured motorist carrier moved to dismiss the renewal action).

[20] Cf. *Brown v. State Farm Mut. Automobile Ins. Co.*, 242 Ga. App. 313, 314-315 (2) (529 SE2d 439) (2000) (affirming the trial court's dismissal of a tort suit in which the uninsured motorist carrier moved to dismiss and the plaintiff did not serve the defendant driver).

[21] See id.

11