[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10829
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-05892-JPB


DAMIR DURMIC,

Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 13, 2021)


Before ROSENBAUM, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Damir Durmic, proceeding *pro se*, appeals the district court's grant of summary judgment to State Farm Mutual Automobile Insurance Company (State Farm) because his uninsured motorist claim under O.C.G.A. § 33-7-11 was time barred and he failed to satisfy a condition precedent. Durmic raises two issues on appeal. First, Durmic asserts the district court erred when it granted summary judgment because his complaint was within the statute of limitations and State Farm waived the condition precedent. Second, Durmic asserts the district court erred in denying his motion to compel because of his failure to comply with a standing order. After review, we affirm the district court.

## I.  DISCUSSION

### A.  Summary judgment

#### 1.  Statute of Limitations

In Georgia, "the general rule is that a plaintiff making a claim against a UMC [uninsured motorist carrier] must serve process upon the UMC within the same statute of limitation applicable to the uninsured motorist." *Lewis v. Waller*, 637 S.E.2d 505, 510 (Ga. Ct. App. 2006). The statute of limitations period for personal injuries is two years after the right accrued. O.C.G.A. § 9-3-33. If the defendant was not served in the original suit, the original action is void and not subject to renewal after the statute of limitations has run. *Jenkins v. Keown*, 830 S.E.2d 498, 500-01 (Ga. Ct. App. 2019).

2

The district court did not err in dismissing Durmic's case because it was filed outside of the statute of limitations.[1] The car accident took place on July 5, 2016. To be within the statute of limitations, Durmic needed to file suit by July 5, 2018. *See Lewis*, 637 S.E.2d at 510; O.C.G.A. § 9-3-33. Durmic initially filed suit on June 1, 2018. However, the original lawsuit was dismissed because Durmic did not serve State Farm. Durmic refiled his complaint on December 27, 2018, which is after July 5, 2018, and thus outside the statute of limitations. The refiled suit was not a renewal of his first suit because the first action was not served, void, and not subject to renewal after the statute of limitations had run. *See Jenkins*, 830 S.E.2d at 500-01. Thus, since the suit was filed after the two-year statute of limitations and was not a renewal of his first lawsuit, it was barred by the statute of limitations.[2]

---

[1] We review *de novo* the district court's grant of summary judgment and apply the same standard used by the district court. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[2] In his reply brief, Durmic contends his claim is contractual and has a six-year statute of limitations. We do not address this claim for several reasons. First, Durmic abandoned this argument by not raising it in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (stating we will not consider "an issue not raised in the district court and raised for the first time in an appeal"). Second, Durmic abandoned this argument by raising it for the first time in his reply brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) (stating an appellant abandons a claim when he raises it for the first time in his reply brief). Finally, as discussed in the next section, Durmic cannot show the district court erred by granting summary judgment on Durmic's failure to satisfy a condition precedent, and thus, cannot show that every stated ground for judgment is incorrect. *See id.* at 680 (stating

3

*2. Condition Precedent*

Under Georgia law, recovery of a judgment against the uninsured motorist is a condition precedent to a suit against the insurance carrier. *Smith v. Phillips*, 323 S.E.2d 669, 672 (Ga. Ct. App. 1984). "The question of bad faith, the amount of the penalty, if any, and the reasonable attorney's fees, if any, shall be determined in a separate action filed by the insured against the insurer *after a judgment has been rendered against the uninsured motorist in the original tort action*." O.C.G.A. § 33-7-11(j) (emphasis added). When an uninsured motorist policy provision conflicts with the clear intent of O.C.G.A. § 33-7-11, the policy provision is unenforceable and the statute controls. *Silva v. Liberty Mut. Fire Ins. Co.*, 808 S.E.2d 886, 890 (Ga. Ct. App. 2017).

The condition precedent may be waived where the "defendant consistently and repeatedly assured plaintiff that his claim under the uninsured motorist coverage for personal injuries . . . would be satisfactorily concluded, and that it would not be necessary for plaintiff to initiate legal action of any kind in order to receive payment of his claim . . . ." *United States Fid. & Guar. Co. v. Lockhart*, 186 S.E.2d 362, 363 (Ga. Ct. App. 1971).

---

to reverse a district court order that is based on multiple, independent grounds, a party must show "that every stated ground for the judgment against him is incorrect").

4

Durmic failed to satisfy the condition precedent required for both an uninsured motorist benefits action and a bad faith action. Recovery of a judgment against the uninsured motorist is a condition precedent to a suit against the insurance carrier. *Phillips*, 323 S.E.2d at 672. Recovery of a judgment against the uninsured motorist is also a condition precedent to a bad faith claim under O.C.G.A. § 33-7-11(j) against the insurance carrier. O.C.G.A. § 33-7-11(j). Durmic never filed suit or obtained a judgment against the uninsured motorist. Moreover, Durmic's insurance policy cannot override O.C.G.A. § 33-7-11 and waive the condition precedent. *Silva*, 808 S.E.2d at 890.

Furthermore, State Farm's conduct during negotiations did not waive the condition precedent. State Farm never assured Durmic that his claim would be satisfactorily concluded. *Lockhart*, 186 S.E.2d at 363. Instead, State Farm engaged in unsuccessful negotiations with Durmic to settle for $165,000 that culminated in Durmic counteroffering at $425,000. Nor did State Farm tell Durmic that it would be unnecessary to file suit. *Id.* State Farm informed Durmic about the impending statute of limitations deadline and the necessity of filing suit to preserve his claim. Since Durmic failed to satisfy and State Farm did not waive

5

the condition precedent, the district court did not err in granting summary judgment.[3]

B. *Motions to Compel*

"[T]he standard of review for an appellate court in considering an appeal of sanctions under [R]ule 37 [Failure to Make Disclosures or to Cooperate in Discovery; Sanctions] is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). "A district court abuses its discretion when it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 374 (11th Cir. 1992). Next, "although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to

---

[3] Durmic also contends that State Farm spoliated evidence, that he reached a settlement agreement with State Farm, and that State Farm conducted the case in bad faith. Durmic abandoned both the spoliation and settlement arguments on appeal because he did not raise either argument in the district court. *See Access Now*, 385 F.3d at 1331. Even if these arguments were not abandoned, Durmic has not shown recordings of the conversations between he and State Farm ever existed. Furthermore, the record contradicts Durmic's claims of a successful settlement. As to bad faith, the district court did not decide the case on that basis. Since the district court passed on the issue of bad faith and correctly decided State Farm's motion on two other grounds, we need not address an issue not decided by the district court. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 609 (11th Cir. 1991) (explaining the general rule that we do not consider an issue not passed upon by the district court).

conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The district court did not abuse its discretion when it denied Durmic's two motions to compel discovery. The court's standing order required that when a discovery dispute arose, the parties should first meet and confer in an effort to resolve the dispute. If the dispute could not be resolved, the parties were required to file a "Consolidated/Joint Discovery Statement" with the court. Durmic never filed the Consolidated/Joint Discovery Statement with the court and his only attempt to confer with State Farm was in his "certificate of good faith" filed as an attachment to his motion to compel. The court did not misconstrue its proper role, ignore relevant evidence, or base its decision on considerations with little factual support, and thus, did not abuse its discretion when it denied Durmic's motions because he failed to comply with the standing order. *Arlook*, 952 F.2d at 374; *Albra*, 490 F.3d at 829.

## II.  CONCLUSION

The district court did not err in granting summary judgment on Durmic's uninsured motorist claim because the district court did not err in determining that Durmic filed his complaint after the two-year statute of limitations had run. Summary judgment was also proper because the district court did not err in determining Durmic had not sued the uninsured driver, a condition precedent to an

uninsured motorist claim.  Finally, the district court did not abuse its discretion when it denied Durmic's motion to compel for failing to comply with its standing order.  Accordingly, we affirm.

**AFFIRMED.**