**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 29, 2023**

# In the Court of Appeals of Georgia

A23A1252. TOLIVER v. DAWSON et al.

**HODGES**, Judge.

Following an automobile collision, Gintelle Toliver sued Darly Dawson and Coraluzzo Petroleum (collectively, "the defendants"),[1] for injuries she allegedly sustained. The trial court dismissed Toliver's complaint on the ground that her suit was barred by the two-year statute of limitation applicable to personal injury claims, OCGA § 9-3-33. Toliver appeals, contending that the statute of limitation was tolled. For the reasons that follow, we affirm the trial court's dismissal.

---

[1] The defendants note in their appellate brief that they are misidentified in the complaint, and the actual named parties should be Darryl Dawson and Samuel Coraluzzo Co., Inc. Toliver also sued several Jane/John Does who were never identified or served.

"We review de novo a trial court's ruling on a motion to dismiss, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor, to determine whether the complaint's allegations disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." (Citation and punctuation omitted.) *Somani v. Cannon*, 363 Ga. App. 610, 611-612 (872 SE2d 9) (2022). Whether a statute of limitation bars an action generally is a mixed question of law and fact, but the question is one of law where, as here, the facts are not disputed. *Harrison v. McAfee*, 338 Ga. App. 393, 395 (2) (788 SE2d 872) (2016). The plaintiff bears the burden of establishing that the statute of limitation for her claim is tolled. *Jenkins v. Keown*, 351 Ga. App. 428, 432 (2) (830 SE2d 498) (2019).

So viewed, the record shows that Toliver filed her complaint on August 1, 2022. The complaint alleges that on February 12, 2020, she was injured as a result of a motor vehicle collision caused by Dawson, who was driving a truck owned by his employer, Coraluzzo Petroleum. According to the complaint, both Toliver and Dawson were traveling in the same direction, Dawson was distracted, and he struck Toliver's vehicle as she attempted to merge into the lane in which he was traveling. However,

the police report — which Toliver's complaint notes is attached as Exhibit 1 — indicates that Toliver was "Susp At Fault" and cited for improper lane change under OCGA § 40-6-48. Specifically, the police report states: "Based on the evidence and testimonies provided, . . . [Toliver's vehicle] had attempted to change lanes and struck [Dawson's vehicle] on the driver side wheel with its right corner." Dawson was not cited for any traffic violation, and no injuries were reported on the scene.

The defendants answered, raising the defenses of failure to state a claim and violation of the statute of limitation, among others. Thereafter, the defendants filed a motion to dismiss. After a hearing, the trial court dismissed Toliver's complaint, finding her claims time-barred. This appeal followed.

Under Georgia law, with certain exceptions not applicable here, "actions for injuries to the person shall be brought within two years after the right of action accrues[.]" OCGA § 9-3-33. Accordingly, Toliver had two years from the February 12, 2020 collision to file her lawsuit. The defendants acknowledged at the hearing on their motion to dismiss that the COVID emergency orders issued by the Supreme Court of Georgia extended that time another 122 days, to June 14, 2022.[2] Toliver,

_____

[2] See Supreme Court of Georgia, Fourth Order Extending Declaration of Statewide Judicial Emergency (July 10, 2020) (especially Sections II (A) (10) and (B)).

however, did not file her complaint until August 1, 2022. Toliver does not dispute the defendants' calculations or the fact that her complaint was not filed until after the statute of limitation had expired. Instead, Toliver contends her suit was timely because the two-year limitation period in OCGA § 9-3-33 was tolled by the provisions of OCGA § 9-3-99, and the trial court erred in finding that the tolling statute did not apply. We find no error.

The defendants "carried [their] burden of showing that the suit was filed more than two years after the cause of action accrued, so the burden shifted to [Toliver] to produce evidence showing that an issue existed regarding whether the limitation period was tolled." *Forbes v. Smith*, 338 Ga. App. 546, 547 (790 SE2d 550) (2016). The statute cited by Toliver in support of her tolling claim, OCGA § 9-3-99, was "enacted by the General Assembly as part of the 'Crime Victims Restitution Act of 2005.'" *Harrison*, 338 Ga. App. at 395 (2). The statute provides as follows:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final

4

or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

OCGA § 9-3-99.

"By its plain language, the statute contemplates extending the time in which a victim may file a tort action where there are pending criminal charges arising out of the same facts or circumstances." (Citation and punctuation omitted.) *Williams v. Durden*, 347 Ga. App. 363, 364 (819 SE2d 524) (2018). Essentially, it allows victims of a crime who might also have a civil cause of action to toll their civil action so as not to prejudice the criminal proceedings. The tolling effect does not apply after "the prosecution of such crime or act has become final or otherwise terminated[.]" OCGA § 9-3-99. In other words, "the limitation period for a tort action arising from a traffic violation is tolled until the prosecution for the violation is no longer pending." *Williams*, 347 Ga. App. at 365. Further, the statute only tolls the limitation period for tort actions "*brought by the victim* of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime[.]" (Emphasis supplied.) OCGA § 9-3-99. It is well settled that the term "crime" as it is used in the statute encompasses a violation of the Uniform Rules of the Road, such as

5

misdemeanor traffic violations. See *Beneke v. Parker*, 285 Ga. 733, 734 (684 SE2d 243) (2009).

With this framework in mind, we turn to Toliver's arguments. The question presented in this appeal is whether Toliver is a criminal victim such that the proceeding related to her traffic citation triggered OCGA § 9-3-99 and tolled the applicable statute of limitation. The short answer is no.

1. At the outset, we note that the two-year statute of limitation for Toliver's cause of action is not tolled by OCGA § 9-3-99 based on any hypothetical crime committed by Dawson. In fact, this case presents a factual scenario similar to the one we addressed in *Jenkins*, 351 Ga. App. at 433 (2). In *Jenkins*, plaintiffs involved in an automobile collision sued the driver of the other vehicle, who had not been charged with a traffic offense related to the incident, alleging the driver committed a criminal traffic violation by following too closely. Id. at 428, 432 (2). This Court noted, "[t]he collision allegedly took place on April 18, 2013, so the two-year statute of limitation for the tort claim extended to April 18, 2015,[3] as did the two-year statute of limitation

---

[3] See OCGA § 9-3-33.

for the misdemeanor traffic offense identified by the Jenkinses."[4] Id. at 433 (2). "[B]ecause the time for any prosecution has come and gone, and because there never was any pending prosecution nor could there be in the future," this Court concluded that the plaintiffs' tort claim was not tolled under OCGA § 9-3-99. Id.

Likewise, the collision in the present case occurred on February 12, 2020, so the two-year statute of limitation for the tort claim extended to February 12, 2022, as did the two-year statute of limitation for the alleged misdemeanor traffic offense Toliver asserted Dawson may have committed: distracted driving. Thus, the State had two years from the February 12, 2020 collision to bring traffic charges against Dawson. Even assuming that the COVID emergency orders issued by the Supreme Court of Georgia extended that time, as they extended the time in which Toliver had to file her lawsuit, the State would have had to charge Dawson with a traffic violation by June 14, 2022, prior to Toliver filing her lawsuit. As in *Jenkins*, however, "[t]here is nothing in the record showing that [Dawson] was ever issued a uniform traffic citation, nor [has Toliver] adduced any evidence that [Dawson] or anyone else was or could be

---

[4] See OCGA § 17-3-1 (e) ("Prosecution for misdemeanors shall be commenced within two years after the commission of the crime."); see also *Bishop v. State*, 261 Ga. App. 445 (1) (582 SE2d 571) (2003) (noting the two-year statute of limitation for issuing a traffic citation).

prosecuted based on the collision." 351 Ga. App. at 433 (2). Accordingly, as in *Jenkins*, "because the time for any prosecution [against Dawson] has come and gone, and because there never was any pending prosecution nor could there be in the future, . . . the tort claim in this case [is not] tolled under OCGA § 9-3-99" based on any hypothetical crime committed by Dawson. Id.

2. In an attempt to avoid this outcome, Toliver asserts that OCGA § 9-3-99 tolled the statute of limitation while criminal proceedings against *her* remained pending: "[A] citation was issued against Appellant and the citation was dismissed against Appellant on April 27, 2022. . . . [B]ecause the citation arose out of the same facts and circumstances of the accident and citation which occurred on February 12, 2020, the applicable statute of limitation should have tolled the statute of limitations until the citation was disposed of." We disagree.

It is true that the uniform traffic citation issued by the officer to Toliver on February 12, 2020, commenced prosecution on the alleged misdemeanor traffic offense against her. See *Forbes*, 338 Ga. App. at 548. And it is true that OCGA § 9-3-99 tolls a statute of limitation until prosecution of a traffic citation issued by an officer is no longer pending. See, e.g., *Williams*, 347 Ga. App. at 366; *Forbes*, 338 Ga. App. at

8

548. However, the cases citing this proposition all involve traffic citations issued to a *defendant* in the subsequent tort action, not a citation issued to the *plaintiff* bringing the subsequent tort action. Toliver's argument that the proceeding against her triggered OCGA § 9-3-99 and tolled the statute of limitation misconstrues OCGA § 9-3-99 and this Court's decisions addressing the application of the tolling statute.

The plain and unambiguous language of OCGA § 9-3-99 only tolls an action in tort "that may be *brought by the victim* of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime[.]" (Emphasis supplied.) Indeed, Georgia law is clear that the tolling provision in OCGA § 9-3-99 only applies to benefit the *victim* of a criminal act. See, e.g., *Hicks v. Universal Health Svcs.*, 364 Ga. App. 769, 776 (1) (874 SE2d 877) (2022) (concluding that a claim brought by surviving parents under the wrongful death statute fell outside the scope of claims covered by OCGA § 9-3-99 because the parents were not "victims" covered by the statute). As this Court previously has concluded, the word "victim" as used in OCGA § 9-3-99 refers to "the person who is 'acted on'" or "the person against whom a crime was perpetrated." *Hicks*, 364 Ga. App. at 773, 775 (1). Accordingly, the Code section, by its plain language, does not benefit an alleged criminal perpetrator.

9

In this case, according to the police report documenting the collision, Toliver was the individual at fault, charged with failing to maintain her lane and perpetrating the traffic offense from which her cause of action in tort arises. It is undisputed that Dawson was *not* cited for any traffic violation, nor is there any evidence that a criminal investigation into the incident occurred. We agree with the trial court that "[n]othing in the statute itself nor in any authority . . . expands the scope of OCGA § 9-3-99 to the benefit of a plaintiff, like Plaintiff Toliver[,] who is not the victim of an alleged associated crime." Toliver argues that although she received the only citation given at the scene of the collision, that citation is not dispositive of her status as a victim for purposes of OCGA § 9-3-99, and a jury — rather than the trial court — should determine whether she was a "victim." However, she has not cited a single case that allows the accused perpetrator of the crime to use OCGA § 9-3-99 to toll the applicable statute of limitation. To do so would allow criminal offenders to use their own criminal proceedings to expand their rights to a tort cause of action outside of the prescribed two-year statute of limitation.

Toliver's reliance on *Harrison*, 338 Ga. App. at 397-398 (2) (b), is misplaced. *Harrison* addressed the application of OCGA § 9-3-99 where the defendants sued in

the civil action differed from the alleged perpetrators in the criminal proceedings. This Court held that OCGA § 9-3-99 applies "regardless of a crime victim's choice of civil defendant." (Footnote omitted.) *Harrison*, 338 Ga. App. at 400 (2) (b). In other words, the tolling statute applies even though the defendant in the tort action is not the individual accused of committing the crime from which the cause of action arises. Id. at 402 (3). *Harrison* did not address the applicability of the tolling statute to a plaintiff accused of committing a crime from which the cause of action arises, and it certainly did not hold that *any* related criminal proceeding associated with the underlying incident automatically triggers the provisions of OCGA § 9-3-99 for a related civil tort action.

As we noted in *Harrison*,

[w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. It is well settled that where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.

(Citations and punctuation omitted.) 338 Ga. App. at 397 (2) (b). The plain language in OCGA § 9-3-99 provides tolling for a tort action "that may be *brought by the victim* of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state[.]" (Emphasis supplied.) If we presume — as we must — that the General Assembly meant what it said and said what it meant, we must conclude that the tolling provision does not apply given the circumstances at issue in this case. The statute does not contemplate tolling claims until a plaintiff can demonstrate that she was not at fault or can demonstrate through a trial that she may have been the victim. This is especially true where, as here, the plaintiff was the only individual cited for a traffic violation in connection with the motor vehicle collision and the time for issuing or prosecuting any other traffic violations has passed.

"The plaintiff bears the burden of establishing that a statute of limitation has been tolled," *Somani*, 363 Ga. App. at 612 (citation and punctuation omitted), and Toliver has not met her burden in this case. She has not shown that she is a victim and, contrary to her argument, the statute of limitation on her claim was not tolled until her citation was disposed of on April 27, 2022.

*Judgment affirmed. Mercier, C. J., and Miller, P. J., concur.*