A07A0950. McGHEE et al. v. JONES et al.
(652 SE2d 163)

MILLER, Judge.

On January 11, 2005, Karen and Darryl McGhee filed a complaint alleging that Tabitha Jones negligently drove her husband's vehicle into Mrs. McGhee's vehicle. The McGhees failed to serve the Joneses with the complaint, and on November 3, 2005, the Joneses filed a motion for summary judgment. On February 1, 2006, the trial court granted partial summary judgment in favor of the Joneses, finding that the McGhees failed to demonstrate the required level of due diligence in perfecting service following the expiration of the statute of limitation on Mrs. McGhee's personal injury claim.[1] The McGhees appeal, claiming that the trial court erred (i) in finding that they failed to diligently attempt to perfect service and (ii) in finding

---

[7] See *McCain*, supra; *HSL/La Jolla*, supra.

[8] See *Peterson*, supra.

[1] The trial court denied the Joneses' motion for summary judgment as to Mr. McGhee's claim for loss of consortium and the McGhees' claims for injuries to personalty and for damages for the destruction of personal property after finding that the statute of limitation for those claims had not yet expired. OCGA §§ 9-3-33; 9-3-31; 9-3-32, respectively.

that the period of limitation was not tolled pursuant to OCGA § 9-3-99. We discern no error and affirm.

When the statute of limitation has expired and the defense of insufficiency of service is raised in the answer, as it was here, "the plaintiff must act with the 'greatest possible diligence' from that point forward in order to serve the defendant . . . or risk dismissal of his case." *Kelly v. Lymon*, 279 Ga. App. 849, 850 (1) (632 SE2d 734) (2006). Moreover, "[t]he determination of whether the plaintiff [is] guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citation omitted.) *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006).

Here, the record shows that the accident occurred on January 11, 2003 and that the McGhees filed their complaint on January 11, 2005. The sheriff of Clayton County unsuccessfully attempted service on January 14, 2005. On November 3, 2005, the Joneses answered, raising the defense of insufficiency of service of process and the expiration of the two-year statute of limitation on the personal injury claim pursuant to OCGA § 9-3-33. The McGhees had still not perfected service on February 1, 2006, when the trial court granted the Joneses' motion for summary judgment as to that claim.

1. The McGhees argue that the trial court abused its discretion in finding that they failed to exercise the required level of due diligence in perfecting service. We disagree.

In support of their claim that they diligently attempted to perfect service, the McGhees rely on an affidavit of their attorney, stating that he engaged a skip-tracing service and hired a private investigator to locate the Joneses and that he believed he was "getting 'warm' to 'hot' in the effort to locate and serve" the Joneses. His affidavit, however, fails to provide specific details or dates to show continued diligence through February 2006, when the trial court granted partial summary judgment after finding that the McGhees had still not perfected service of their complaint.

"A plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Citation omitted.) *Wells v. Drain Doctor*, 274 Ga. App. 127, 128 (616 SE2d 880) (2005). As a result, the trial court did not abuse its discretion in determining that the McGhees failed to exercise the required level of due diligence in attempting to perfect service of their complaint.

2. The McGhees also claim that the trial court erred in determining that the statute of limitation had expired on the personal injury claim because the period of limitation was tolled pursuant to OCGA § 9-3-99. Again, we disagree.

OCGA § 9-3-99 states that

[t]he running of the period of limitation[ ] with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this [S]tate shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

Generally, whether a cause of action is barred by the statute of limitation is a mixed question of law and fact. "Where the facts are in dispute, the question is one of fact to be determined by the trier of fact, but where the facts are not disputed, . . . the question is one of law for the court." (Citation omitted.) *Fleming v. Lee Engineering &c. Co.*, 184 Ga. App. 275, 275-276 (1) (361 SE2d 258) (1987).

Here, Mrs. Jones was apparently cited for making an improper lane change in connection with the accident. See OCGA § 40-6-48. Pretermitting whether OCGA § 9-3-99 applies to violations of the uniform rules of the road, the trial court found that Mrs. Jones had paid the fine for her traffic ticket, which apparently occurred in February 2003, and that any prosecution for the violation of the traffic ordinance terminated at such time. The McGhees claim that Mrs. Jones remained subject to prosecution for her violation of the traffic ordinance, but they fail to provide any citation to the record to support such claim. See Court of Appeals Rule 25 (c) (3). As a result, the trial court did not err in determining that the statute of limitation had expired on the personal injury claim pursuant to OCGA § 9-3-33.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 24, 2007.

*J. L. Jordan*, for appellants.
*Harper, Waldon & Craig, Hilliard V. Castilla, Ashley B. Fournet*, for appellees.