S08G2078, S08G2082. BENEKE v. PARKER et al.; and vice versa.
(684 SE2d 243)

HUNSTEIN, Chief Justice.

On April 27, 2005, Patricia Parker was injured when the car in which she was a passenger was struck from the rear and overturned by a vehicle driven by Alan Beneke; Beneke was cited for following too closely. See OCGA § 40-6-49. Parker filed a personal injury action against Beneke on May 11, 2007. The trial court initially granted Beneke's motion for summary judgment based on the expiration of the two-year statute of limitation, see OCGA § 9-3-33, but on motion for reconsideration vacated its order and denied summary judgment. In finding that the complaint was timely-filed because the statute of limitation had been tolled until Beneke posted a cash bond disposing of the traffic citation on May 19, 2005, the trial court relied on OCGA § 9-3-99, which provides that

> [t]he running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to

such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

In *Beneke v. Parker*, 293 Ga. App. 186 (667 SE2d 97) (2008), the Court of Appeals affirmed the denial of summary judgment, but vacated the portion of the trial court's order ruling that Beneke had committed a "crime" as a matter of law so as to bring OCGA § 9-3-99 into play, holding that this question must be resolved by a jury. See *Beneke*, supra at 189-190 (1). We granted certiorari to consider whether the Court of Appeals erred in holding that a "crime" within the context of OCGA § 9-3-99 must be a "crime" that satisfies the definition set forth in OCGA § 16-2-1 (a),[1] i.e., one that involves criminal intent or criminal negligence. For the reasons that follow, we hold that it did so err.

> [T]he fundamental rules of statutory construction . . . require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. [Cits.] At the same time, we must seek to effectuate the intent of the legislature. [Cit.]

*Slakman v. Continental Casualty Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). A violation of one of the Uniform Rules of the Road, such as the rule that a driver must not follow another vehicle too closely, is a misdemeanor, OCGA § 40-6-1 (a), and a misdemeanor is "any *crime* other than a felony." (Emphasis supplied.) OCGA § 16-1-3 (9). Thus, the plain language of OCGA § 9-3-99 would encompass a violation of a Uniform Rule of the Road. To impose a more stringent definition of "crime" within the context of the statute would render superfluous its language that the statute of limitation is tolled from the date of the alleged crime "or the act giving rise to such action in tort" until the prosecution or other termination of such crime "or act."

The Court of Appeals properly affirmed the denial of summary judgment to Beneke. However, no factual determination need be made as to whether Beneke acted with criminal intent or criminal negligence, i.e., whether his violation of OCGA § 40-6-49 constituted a crime as defined in OCGA § 16-2-1 (a), in order to apply OCGA § 9-3-99 here. We thus reverse the portion of the Court of

---

[1] OCGA § 16-2-1 (a) provides that "[a] 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence."

Appeals opinion holding otherwise. Like the Court of Appeals, we recognize that our holding in this case will have a significant impact on personal injury actions arising out of vehicle accidents by tolling the statute of limitation in those situations where a traffic citation is issued. See *Beneke*, supra, 293 Ga. App. at 191. Nonetheless, we are constrained by the language of the statute to reach this result. If the Legislature had intended to limit the application of OCGA § 9-3-99 to tort actions arising from only certain types of crimes, e.g., felonies or specific intent crimes, it certainly could have done so. It did not, and any undesirable result is a matter properly addressed by the General Assembly rather than the courts.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Brennan, Harris & Rominger, G. Mason White, James D. Kreyenbuhl*, for appellant.

*Phillips & Kitchings, Richard D. Phillips, Blacknall & Little, Willis H. Blacknall III*, for appellees.