**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 18, 2016**

# In the Court of Appeals of Georgia

A16A1327. FORBES v. SMITH.

ANDREWS, Presiding Judge.

After Barbara Forbes sued Cynthia Smith for personal injury damages arising from an automobile accident, the trial court dismissed the suit with prejudice on the basis that it was filed after the expiration of the applicable statute of limitation. Forbes appeals, and, for the following reasons, we affirm.

Under OCGA § 9-3-33, actions for injuries to the person must be filed within a two-year period after the cause of action accrues. It is undisputed that Forbes filed her suit on September 15, 2015, more than two years after her personal injury cause of action accrued on the date of the July 5, 2013 automobile accident. Forbes contends her suit was timely because the two-year limitation period in OCGA § 9-3-33 was tolled by the provisions of OCGA § 9-3-99. Under OCGA § 9-3-99:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

Smith carried her burden of showing that the suit was filed more than two years after the cause of action accrued, so the burden shifted to Forbes to produce evidence showing that an issue existed regarding whether the limitation period was tolled. *Miller v. Kitchens*, 251 Ga. App. 225, 227 (553 SE2d 300) (2001). Forbes points to evidence showing application of the tolling provisions of OCGA § 9-3-99: (1) that at the scene of the July 5, 2013 automobile accident, a police officer issued Smith a uniform traffic citation (UTC) for the alleged offense of failure to yield while turning left within an intersection in violation of OCGA § 40-6-71; (2) that she (Forbes) was the victim of an alleged crime – the misdemeanor traffic offense; and (3) that her suit against Smith arose out of the facts and circumstances relating to the commission of the alleged misdemeanor traffic offense.[1]

---

[1] Under OCGA § 9-3-99, an "alleged crime" includes an alleged misdemeanor violation of one of the Uniform Rules of the Road, including OCGA § 40-6-71. OCGA §§ 16-1-3 (9); 40-6-1 (a); *Beneke v. Parker*, 285 Ga. 733, 734 (684 SE2d 243) (2009).

2

The facts also show that the UTC issued by the officer to Smith on July 5, 2013 commenced prosecution on the alleged misdemeanor traffic offense. Under OCGA § 40-13-1, the UTC "shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged." Similarly, OCGA § 17-7-71 (b) provides that "[i]n all misdemeanor cases arising out of violations of the laws of this state, relating to . . . the operation and licensing of motor vehicles and operators . . . the defendant may be tried upon the uniform traffic citation and complaint provided for in Article 1 of Chapter 13 of Title 40." Where the UTC serves as the instrument of prosecution, "[t]he citation and complaint summons the person accused of the traffic offense to appear in court on a specific date to answer the charges." *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996). The UTC issued to Smith commenced the prosecution and summoned her to the Recorders Court of DeKalb County on August 6, 2013. *Chism v. State*, 295 Ga. App. 776, 777 (674 SE2d 328) (2009). On August 6, 2013, the Recorders Court provided Smith with the following notice:

> While you were issued a citation to appear today, the citation [charging you with violation of OCGA § 40-6-71 on July 5, 2013] was not filed with the court by the issuing officer in advance of your court appearance. You are free to go and are not in any danger of an arrest warrant issuing for your arrest on *this* citation. Please be advised,

3

however[,] that under O.C.G.A. § 17-3-1 (d), the officer ***may*** re-issue a citation for these charges within two years of the date of the offense . . . If a new citation is issued on these charges within that timeframe, it is your responsibility to respond in accordance with the citation issued.

The reference to OCGA § 17-3-1 (d) in the notice refers to former subsection (d) of the statute now codified as OCGA § 17-3-1 (e), which provides that: "Prosecution for misdemeanors shall be commenced within two years after the commission of the crime."

On these facts, we find that the Recorders Court notice shows: (1) that the prosecution that was commenced on July 5, 2013 under the UTC issued by the officer was terminated without prejudice by the Court on August 6, 2013, and (2) that pursuant to OCGA § 17-3-1 (e) the prosecution could have been re-commenced if a new UTC was issued within two years after July 5, 2013. Accordingly, under OCGA § 9-3-99, the limitation period in OCGA § 9-3-33 was tolled from the date of the commission of the alleged offense on July 5, 2013 until the prosecution under the UTC was "otherwise terminated" by the Court on August 6, 2013. See *Valades v. Uslu*, 301 Ga. App. 885, 888-889 (689 SE2d 338) (2009) (OCGA § 9-3-99 tolls statute of limitation "while the prosecution of the defendant is pending."), overruled on other grounds, *Harrison v. McAfee*, No. A16A0648, ___Ga. App.___ , 2016 WL

4

3654284 (July 7, 2016). There is no evidence that any prosecution was ever re-commenced under a new UTC. See OCGA § 16-1-3 (14). It follows that the two-year limitation period under OCGA § 9-3-33 commenced running on August 7, 2013 and expired before Forbes filed suit on September 15, 2015. We find no merit to Forbes's claim that OCGA § 9-3-99 tolled the limitation period for the suit until July 5, 2015, the expiration date for prosecution of the alleged offense under OCGA § 17-3-1 (e).

*Judgment affirmed. Doyle, C. J., and Ray, J., concur*.