**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 21, 2018**

# In the Court of Appeals of Georgia

A18A1543. WILLIAMS v. DURDEN.

BARNES, Presiding Judge.

Following an automobile collision, Doris Williams sued Juanita Durden for the injuries she sustained. The trial court granted summary judgment to Durden on the ground that Williams's suit was barred by the two-year statute of limitation applicable to personal injury claims, OCGA § 9-3-33. Williams appeals, contending that the trial court erred in granting summary judgment to Durden because there was evidence that the limitation period was tolled pursuant to OCGA § 9-3-99. For the reasons discussed below, we agree with Williams and therefore reverse.

"On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving

party, entitle the movant to judgment as a matter of law." (Citation, punctuation, and footnote omitted.) *Wilson v. Obstetrics & Gynecology of Atlanta*, 304 Ga. App. 300, 301 (696 SE2d 339) (2010). See OCGA § 9-11-56 (c). The movant on summary judgment has the burden of proof regarding the affirmative defense of the running of the statute of limitation, and once the movant presents evidence that the limitation period has run, "[t]he burden of persuasion then shifts to the nonmovant to present some evidence showing that an issue exists that the statute has not run but has been tolled." (Citation and punctuation omitted.) *Smith v. Suntrust Bank*, 325 Ga. App. 531, 539 (1) (754 SE2d 117) (2014). Summary judgment is improper if a genuine factual dispute exists concerning whether the limitation period has been tolled. See id. at 542 (1); *Wilson*, 304 Ga. App. at 305 (1).

Under Georgia law, with certain exceptions, "actions for injuries to the person shall be brought within two years after the right of action accrues." OCGA § 9-3-33. However, the limitation period may be tolled for actions brought by crime victims pursuant to OCGA § 9-3-99, which provides in relevant part:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled

2

from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated . . . .

"By its plain language, the statute contemplates extending the time in which a victim may file a tort action where there are pending criminal charges arising out of the same facts or circumstances." *Stopanio v. Leon's Fence & Guardrail, LLC*, 346 Ga. App. 18, 21 (1) (815 SE2d 232) (2018).[1] OCGA § 9-3-99 applies to torts arising from violations of the Uniform Rules of the Road. *Beneke v. Parker*, 285 Ga. 733, 734 (684 SE2d 243) (2009). Thus, the limitation period for a tort action arising from a traffic violation is tolled until the prosecution for the violation is no longer pending. See *Forbes v. Smith*, 338 Ga. App. 546, 548 (790 SE2d 550) (2016); *McGhee v. Jones*, 287 Ga. App. 345, 347 (2) (652 SE2d 163) (2007).

Guided by this legal framework, we turn to the record in this case. Viewed in favor of Williams as the nonmovant, the record reflects that on October 16, 2014, Williams and Durden were involved in an automobile collision on Highway 54 in

---

[1] OCGA § 9-3-99 "applies regardless of whether the defendant in the case [is the person] accused of committing the crime from which the cause of action arises." *Harrison v. McAfee*, 338 Ga. App. 393, 402 (3) (788 SE2d 872) (2016) (in case where victim was shot in bar by third-party perpetrator, OCGA § 9-3-99 applied to tort claim brought by victim against the alleged bar owners).

Fayetteville, Georgia. The responding police officer issued Durden a uniform traffic citation ("UTC" or "citation") for following too closely, and the UTC listed November 18, 2014 as the date for contesting the citation in the City of Fayetteville Municipal Court. On October 27, 2014, Durden paid the traffic citation, which resulted in a bond forfeiture on November 18, 2014, the court date set in the UTC.

Williams filed her personal injury suit against Durden on November 10, 2016. Durden later moved for summary judgment, contending that Williams's lawsuit was barred by the two-year statute of limitation imposed by OCGA § 9-3-33. Durden further contended that even if the statute of limitation was tolled by OCGA § 9-3-99 based on the prosecution of her traffic violation in municipal court, the prosecution was terminated when she paid the citation on October 27, 2014, such that the limitation period began to run on that date and expired two years later, before Williams filed her lawsuit.

Williams opposed the summary judgment motion, arguing that there was evidence that the prosecution of Durden for the traffic violation remained pending until November 18, 2014, the date the municipal court forfeited Durden's bond, and that the tolling period under OCGA § 9-3-99 did not end until that date. And, because

4

that date was less than two years before she filed her personal injury lawsuit, Williams argued that her suit was timely under OCGA § 9-3-33.

Following a hearing, the trial court granted Durden's motion for summary judgment, concluding that the prosecution of Durden for the traffic violation was terminated on October 27, 2014, when she paid the traffic citation. Consequently, the trial court ruled that Williams had filed her lawsuit more than two years after the tolling period began to run and that her suit thus was time-barred under OCGA § 9-3-33. This appeal by Williams followed.

Because Durden carried her burden of showing that Williams's lawsuit was filed more than two years after the cause of action accrued, the burden shifted to Williams to produce some evidence that the limitation period had not run because the suit was tolled under OCGA § 9-3-99. See *Forbes*, 338 Ga. App. at 547; *Smith*, 325 Ga. App. at 539 (1). Our review of the record leads us to conclude that Williams met her burden in this case, and that the trial court therefore erred in granting summary judgment to Durden based on the statute of limitation.

The UTC issued to Durden on October 16, 2014 commenced her prosecution in municipal court for the traffic violation of following too closely. See OCGA §§ 17-7-71 (b) (1) ("In all misdemeanor cases arising out of violations of the laws of this

state, relating to . . . the operation and licensing of motor vehicles and operators . . . the defendant may be tried upon the uniform traffic citation and complaint provided for in Article 1 of Chapter 13 of Title 40."); 40-13-1 (UTC "shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged"); *Forbes*, 338 Ga. App. at 547 (noting that "the UTC issued by the officer . . . commenced prosecution on the alleged misdemeanor traffic offense"). Williams's lawsuit therefore was tolled by OCGA § 9-3-99 until Durden's prosecution for the traffic violation was no longer pending in municipal court. See *Stopanio*, 346 Ga. App. at 21 (1) (OCGA § 9-3-99 extends time for filing tort action "where there are pending criminal charges"); *Forbes*, 338 Ga. App. at 548 (lawsuit tolled under OCGA § 9-3-99 while prosecution remains pending).

In opposing summary judgment, Williams produced evidence that the prosecution of Durden for the traffic violation remained pending in municipal court until November 18, 2014, which was less than two years before the lawsuit was filed. In this regard, Williams submitted as an exhibit a certified copy of the UTC issued to Durden, and the completed "Disposition and Sentence" section of the UTC listed the "action" disposing of the case as a "bond forfeiture" and the "disposition date" as November 18, 2014. Additionally, Williams submitted as an exhibit a certified copy

6

of a docket record from the municipal court that listed the "court date" for Durden's traffic violation as November 18, 2014 and designated the "finding" in the case as a "bond forfeiture." These public records,[2] construed in favor of Williams, would support a finding that while Durden paid her traffic citation on October 27, 2018, the prosecution of Durden for the traffic citation remained pending until November 18, 2018, when a municipal court judge forfeited Durden's bond and disposed of the case. See OCGA § 40-13-1 (UTC "shall serve as . . . the record of the disposition of the matter by the court before which the accused is brought"); *Beneke v. Parker*, 293

---

[2] Because Durden did not object to the aforesaid records submitted by Williams in opposition to summary judgment, Durden waived any objection to the exhibits on hearsay or authentication grounds. See OCGA § 24-8-802 (providing in part that "if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible"); *Tselios v. Sarsour*, 341 Ga. App. 471, 474, n. 3 (800 SE2d 636) (2017) (defendant waived authentication objection to exhibit submitted at summary judgment stage by failing to object in trial court); *Mashburn Constr. v. CharterBank*, 340 Ga. App. 580, 583 (2) (798 SE2d 251) (2017) (in context of summary judgment proceedings, defendants waived hearsay objection to exhibit attached to affidavit by failing to object in trial court). See generally OCGA § 24-9-920 ("The certificate or attestation of any public officer either of this state or any county thereof or any clerk or keeper of county, consolidated government, or municipal records in this state shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper or file, or other matter or thing in such public officer's respective office, or pertaining thereto, to admit the same in evidence."); Paul S. Milich, Ga. Rules of Evidence, § 7.5 (Sept. 2017 update) (discussing authentication of public documents, including Georgia municipal records).

Ga. App. 186, 187 (667 SE2d 97) (2008) (noting that the "traffic citation was not resolved until . . . the bond forfeiture"), rev'd in part on other grounds, 285 Ga. 733 (684 SE2d 243) (2009). Accordingly, there was evidence that Williams's personal injury action was tolled by OCGA § 9-3-99 until November 18, 2018 and that her lawsuit thus was timely.[3]

_____

[3] Williams argues that Durden's payment of the traffic citation constituted the posting of a "cash bond" that was later forfeited in accordance with OCGA § 40-13-58, which provides:

> Where a defendant cited for a traffic violation posts a cash bond according to the schedule set up by court order and fails to appear in court at the term of court and on the day set in the original citation and complaint, then and in that event, such failure shall be construed as an admission of guilt and the cash bond may be forfeited without the necessity for the statutory procedure provided for the forfeiture of statutory bail bonds. A judgment of guilty may be entered accordingly, ordering the case disposed of and settled. The proceeds of the cash bond shall be applied and distributed as any fine imposed by said court would be. Nothing in this Code section shall be construed as preventing the judge from ordering the defendant to appear and stand trial.

But, that statute applies in the circumstance where a defendant posts a cash bond "according to the schedule set up by court order," and the statute is found in Article 3 of Chapter 13 of Title 40, which pertains to "traffic violations bureaus" established by courts with jurisdiction over the violation of traffic laws or ordinances. See OCGA § 40-13-50. It is simply unclear from the record whether OCGA § 40-13-58 applies here. We need not resolve that question, however, because this case does not turn on a determination of the specific statutory authority for the bond forfeiture that occurred in the municipal court.

8

In concluding that the Durden's prosecution for the traffic violation terminated for purposes of OCGA § 9-3-99 when she paid her traffic citation on October 27, 2018, the trial court relied on *McGhee v. Jones*, 287 Ga. App. 345, 347 (2) (652 SE2d 163) (2007), but that case is distinguishable. In *McGhee*, we affirmed the trial court's grant of summary judgment to the defendant on statute-of-limitation grounds based on the conclusion that the defendant's prosecution for a traffic violation terminated for purposes of OCGA § 9-3-99 when she "paid the fine for her traffic ticket." *McGhee*, 287 Ga. App. at 347 (2). However, there is no indication in *McGhee* that the defendant paid her ticket *before* the date scheduled for the hearing in traffic court, in contrast to the present case. Furthermore, and most notably, we pointed out in *McGhee* that the plaintiffs had procedurally abandoned any argument that the defendant remained subject to prosecution after payment of the traffic ticket. Id. Thus, *McGhee* did not involve a situation where, as in the instant case, evidence was properly submitted that the prosecution of the defendant for the traffic violation remained pending after payment of the traffic citation until the hearing date when the defendant's bond was forfeited.

For these reasons, Williams met her burden of producing evidence that the two-year limitation period applicable to her tort suit had not run because it was tolled. Accordingly, the trial court erred in granting summary judgment to Durden.

*Judgment reversed. McMillian and Reese, JJ., concur.*