[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13534

Non-Argument Calendar

————————————————

DOVER DAVIS, JR.,

Plaintiff-Appellant,

*versus*

OFFICER AARON SWANN,
in his individual capacity,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03311-SDG

————————————————

Before ROSENBAUM, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Dover Davis, Jr., proceeding *pro se* and *in forma pauperis*, appeals the District Court's dismissal of his amended complaint. Davis sued Officer Aaron Swann of the Atlanta Police Department, an unnamed public defender, the Public Defender's Office, and an unspecified Atlanta prosecutor for a litany of constitutional violations arising from his arrest by Officer Swann and his subsequent prosecution. The District Court, conducting a 28 U.S.C. § 1915(e)(2) frivolity review of Davis's pleading, dismissed the amended complaint. After careful review, we affirm the District Court's judgment.

**I**[1]

On August 5, 2018, a resident of Davis's rooming house in Atlanta, Georgia, approached Officer Swann, who was responding to a nearby incident, and accused Davis of pointing a handgun at him. Officer Swann woke Davis and asked if he owned a firearm, which Davis denied. Davis's accuser, however, showed Officer Swann a picture, taken by their landlord Robert Davis, of a loaded handgun magazine in Davis's room.[2]

---

[1] For purposes of reviewing the District Court's frivolity determination, we accept as true Davis's allegations. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[2] We refer to Robert Davis as "Robert" hereinafter to avoid confusion.

Apparently, Davis and Officer Swann had interacted the day before when Robert called Officer Swann to evict Davis from the residence.  Officer Swann allegedly attempted to coerce Davis to leave the residence.  In response, Davis filed a verbal complaint against Officer Swann.  So, when Officer Swann aggressively confronted Davis about the firearm, Davis felt that Officer Swann was acting maliciously either to force an unlawful eviction or incite a violent altercation.  Davis therefore exited the premises and began moving belongings into his car.  Inside the car, Davis had forgotten, was the handgun he denied owning.

Officer Swann divided his attention between Davis's residence and the incident to which he was originally responding.  As Davis waited to speak with Officer Swann about the forgotten handgun, a new dispute arose when the cotenant refused to allow Davis's reentry into their rooming house.  Davis waited at his car's open trunk to show Officer Swann his gun stored there, but the cotenant shouted that Davis had just removed the gun from his pants and placed it in the car.  When more investigators arrived, Officer Swann warrantlessly arrested Davis for aggravated assault with a deadly weapon.  Davis was ultimately charged with aggravated assault with a deadly weapon and possession of a firearm during commission of a felony.

The next day, August 6, 2018, Davis was scheduled to attend a preliminary hearing on probable cause. But the Public Defender's Office did not send anyone to take Davis to the hearing and represent him.   Nevertheless,  on  or  about  August  13,  2018,  a

representative of the Public Defender's Office pressured Davis to sign a backdated waiver of his right to a preliminary hearing. Davis was released after his bond hearing on August 21, 2018.

When Davis was arraigned, his assigned public defender informed him of the prosecutor's plea offer. Davis refused the offer, so the public defender exited the courtroom and abandoned Davis at the hearing. And while charges were pending against Davis, the cotenant who accused Davis of aggravated assault was himself charged with aggravated assault. But unlike her treatment of Davis, the prosecutor dismissed the cotenant's charge. Davis alleges that the prosecutor not only treated them differently, but withheld evidence of the cotenant's charge from the judge even as the prosecutor relied on the cotenant as the primary witness against Davis. Further, Davis alleges that the prosecutor intentionally prolonged pretrial discovery until May 20, 2021, when a new prosecutor dismissed the charges against Davis. But during the pendency of the prosecution, Davis's felony charges had greatly disrupted his employment, finances, and housing.

* * *

Davis filed a complaint *pro se* and *in forma pauperis* in the District Court for the Northern District of Georgia on August 16, 2021. The complaint's caption identified the City of Atlanta, Officer Swann, and Davis's unnamed public defender as defendants. However, the complaint actually targeted the City of Atlanta under various theories of liability for the purported conduct of Officer Swann, Davis's public defender, the Public Defender's Office, and

Davis's prosecutor. The District Court conducted a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and dismissed the complaint, but allowed Davis leave to amend. Davis's amended complaint largely repeated the complaint's factual allegations and claims, but removed the City of Atlanta as the liable party. The District Court again conducted a frivolity review and dismissed Davis's amended complaint with prejudice.

Davis timely appeals. We address each of his arguments, as we understand them, in turn.

## II

As an initial matter, Davis argues on appeal that the District Court erred by construing his *pro se* pleadings too strictly. The gravamen of his argument is that he pleaded sufficient facts to state plausible claims, but the District Court held his pleadings to an erroneously harsh standard.

Certainly, "[p]ro se pleadings are to be held to a less stringent standard than pleadings drafted by attorneys." *Byrd v. Stewart*, 811 F.2d 554, 555 (11th Cir. 1987) (citing *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976)). We see no evidence that the District Court failed to do so. The District Court twice acknowledged its role in conducting a frivolity review under § 1915(e)(2)(B) and the standards which it was required to apply to Davis's *in forma pauperis* filings. It then made a valiant effort to disentangle the legal and factual bases for Davis's claims—no easy task. It adequately addressed those bases and provided an opportunity for Davis to amend his initial complaint and remediate any deficiencies in light of how the District

Court leniently construed Davis's claims.  We conclude that the District Court appropriately assessed Davis's pleadings with the utmost flexibility.

## III

We next address the District Court's dismissal of Counts I through IV of Davis's amended complaint for failure to state a claim.  The District Court summarily disposed of these four counts by noting that they are largely the same as alleged in Davis's original complaint, which it previously dismissed for failure to state a claim.

In Count I, Davis alleges under 42 U.S.C. § 1983 that Officer Swann violated his Fourth Amendment rights by arresting him without probable cause.[3]  In Count II, Davis alleges under § 1983 that Officer Swann violated the Fourteenth Amendment's Equal Protection Clause by solely arresting Davis even though Officer

---

[3] Although Davis appears to state in his appellate brief that Officer Swann maliciously prosecuted him in violation of the Fourth Amendment, Davis nowhere mentions malicious prosecution in his amended complaint's claims targeting Officer Swann.  We cannot retroject Davis's argument into Count I of his amended complaint because "we examine the plaintiff's cause of action for what it actually is, not for what the plaintiff would have it be." *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007) (citing *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994)).  True, he later alleges that his prosecutor engaged in malicious prosecution in violation of the Fourth and Fourteenth Amendments, but we cannot "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading in order to sustain an action" against Officer Swann. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).

Swann was aware that Robert had also engaged in criminal activity. In Count III, Davis alleges under § 1983 that the Public Defender's Office violated his Fourteenth Amendment due process rights by failing to assure Davis's attendance at his preliminary hearing and requesting through a representative that he waive this hearing in a backdated document. And in Count IV, Davis alleges under § 1983 that his assigned public defender violated his Sixth Amendment right to counsel by abandoning Davis at his arraignment when Davis refused to accept the prosecutor's plea offer.

Davis originally pleaded that the City of Atlanta was vicariously liable for all four of these claims. The District Court dismissed Davis's original counts involving Officer Swann as failing to state a claim because the claims were time-barred and because Davis pleaded inappropriate theories of municipal liability. The Court construed Davis's original claims involving the Public Defender's Office and his assigned public defender as § 1983 claims against his public defender, dismissing them for failure to state a claim against a state actor. Davis's amended complaint removes any mention of the City of Atlanta from these four claims, but he otherwise retains the same allegations.

On appeal, Davis contends that the District Court erred in dismissing these claims. His brief, though divided into ostensibly separate sections, can be distilled into two arguments: (1) the District Court erred because he pleaded sufficient facts to state

plausible claims; and (2) the District Court erred in concluding his claims are time-barred.[4]

We "review de novo the district court's dismissal of the complaint for failure to satisfy the statute of limitations." *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1319 (11th Cir. 2021) (citing *Fedance v. Harris*, 1 F.4th 1278, 1283 (11th Cir. 2021)). In addition, we review a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, using the same standards that govern dismissals under Fed. R. Civ. P. 12(b)(6). *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

We conclude that Davis's first two counts against Officer Swann are time-barred. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47 (1985)). In Georgia, the applicable statute of limitations is two years. Ga. Code Ann. § 9-3-33. And a claim of false arrest or imprisonment under the Fourth Amendment accrues when either the seizure ends or the plaintiff is held pursuant to legal process.

---

[4] Any additional arguments Davis could have made concerning the District Court's summary dismissal of these four counts, including any arguments predicated on the District Court's construction of the claims in Davis's original complaint, are abandoned. *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681 (11th Cir. 2014); *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

*Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 388–89, 127 S. Ct. 1091, 1095–96 (2007)).

Davis's claims against Officer Swann stem from Davis's arrest on August 5, 2018. At that time, Officer Swann arrested Davis but not Robert—who entered Davis's room and took photographs without permission—allegedly in violation of the Fourteenth Amendment. Davis would or should have been aware that the facts supporting this Fourteenth Amendment claim accrued on the date of his arrest. *See Karantsalis*, 17 F.4th at 1322 (citing *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)). He had two years under § 9-3-33 to bring this claim, but the statute had run by the time he filed his complaint on August 16, 2021.

Further, according to Davis, Officer Swann arrested him without probable cause in violation of the Fourth Amendment. Davis waived his preliminary hearing on probable cause on or about August 13, 2018, at which point he was held pursuant to legal process. His Fourth Amendment claim accrued at this point. *See Aguirre*, 965 F.3d at 1158. Even if we accept Davis's claims that this waiver was suspect and improper, Davis's incarceration ended after his bond hearing on August 21, 2018. Taking Davis's release as the latest time when his Fourth Amendment claim accrued, the two-year statute of limitations had run by the time he filed his complaint on August 16, 2021.

Davis's argument that Ga. Code Ann. § 9-3-99 tolled his claims is unconvincing. That statute tolls "any cause of action in tort that may be brought by the victim of an alleged crime which

arises out of the facts and circumstances relating to the commission of such alleged crime" until the prosecution of the crime is terminated or final, but no longer than six years. Ga. Code Ann. § 9-3-99. It applies to actions brought by crime *victims*. *Williams v. Durden*, 819 S.E.2d 524, 525 (Ga. Ct. App. 2018); *Harrison v. McAfee*, 788 S.E.2d 872, 876 (Ga. Ct. App. 2016); *Armstrong v. Cuffie*, 860 S.E.2d 504, 508 (Ga. 2021). It does not toll the statute of limitations for pending criminal charges against *the plaintiff*. *Toliver v. Dawson*, 896 S.E.2d 714, 718 (Ga. Ct. App. 2023). Davis therefore cannot rely on the statute to vivify his time-barred claims.

As to Davis's claims against the Public Defender's Office and his assigned public defender, we conclude that he has failed to state a claim under § 1983. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citing *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997)). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453–54 (1981). Davis's claim that his assigned public defender abandoned him, though disconcerting, does not constitute a viable § 1983 claim absent sufficient allegations of conspiracy with a person who was acting under color of state law. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). As to Davis's claim against the Public Defender's Office, Davis has not alleged any factual or legal basis that the Office was a state actor within the

23-13534               Opinion of the Court               11

meaning of § 1983 when it purportedly failed to take Davis to his preliminary hearing.  To the extent his claim rests on the alleged conduct of the Office's representative, § 1983 does not support a claim based on *respondeat superior* nor has Davis alleged in his amended complaint the existence of any policy that could subject the Office to liability.  *See Polk Cnty.*, 454 U.S. at 325–26, 102 S. Ct. at 453–54; *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978).

## IV

Davis also appeals the District Court's dismissal of Count V of his amended complaint for failure to state a claim.  In Count V, Davis alleges that his prosecutor engaged in malicious prosecution in violation of the Fourth and Fourteenth Amendments by withholding exculpatory evidence, discriminating against Davis by dismissing another defendant's aggravated assault charge but not dismissing Davis's aggravated assault charge, and intentionally prolonging Davis's prosecution without probable cause for three years before dropping the case.[5]

---

[5] The exact nature of Davis's intended claims is not entirely clear.  He styles Count V of his amended complaint as a Fourth Amendment malicious prosecution claim and a Fourteenth Amendment malicious prosecution claim against the Prosecutor's Office.  He then variously alleges that one prosecutor withheld evidence, prosecuted Davis without probable cause, treated Davis differently than another defendant charged with the same crime, deprived Davis of a speedy trial, and denied counsel to Davis.  Davis further muddles his claims by stating that three different prosecutors handled his case and referring

The District Court construed Davis's Count V as alleging the prosecutor engaged in malicious prosecution and violated the Equal Protection Clause of the Fourteenth Amendment. It dismissed Davis's claims as barred by the doctrine of absolute immunity. It also determined that Davis failed to state an Equal Protection Clause claim. Again distilling Davis's arguments on appeal, we understand Davis as contending that the District Court erred in dismissing these claims because: (1) Davis pleaded sufficient facts to state a plausible claim; and (2) the District Court erroneously understood the required elements of a § 1983 claim that alleges violations of the Fourteenth Amendment's Equal Protection Clause.

However we construe Davis's amended complaint and appellate brief, we conclude that Davis has failed to challenge the basis of the District Court's dismissal of his claims against the prosecutor. "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."

---

to the targeted prosecutor with different names in his amended complaint and appellate brief.

The District Court construed Count V as only targeting an individual prosecutor, not the Prosecutor's Office. Given Davis's repeated emphasis throughout his amended complaint and appellate brief that an individual prosecutor engaged in the alleged misconduct, his failure to object to the District Court's characterization of his claims, the absence of any suggestion of vicarious liability, and the lack of any allegations anywhere against the Prosecutor's Office as an entity, we, too, construe Count V as targeting an individual prosecutor.

*Sapuppo*, 739 F.3d at 680.  So "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012)).  The District Court dismissed Davis's claims in Count V on the basis of the prosecutor's immunity; Davis nowhere in his appellate brief even mentions prosecutorial immunity.  Davis instead addresses the District Court's supplementary discussion of the Equal Protection Clause and continues to argue that he pleaded sufficient facts to state a claim.  Thus, Davis has abandoned any challenge to the District Court's overriding rationale for dismissing his claims against the prosecutor, and it follows that the District Court's dismissal must be affirmed.[6]

## V

For these reasons, the District Court did not err in dismissing Davis's amended complaint.  Therefore, we affirm the judgment of the District Court.

**AFFIRMED.**

---

[6] We also deny as moot Davis's Motion to Supplement the Record.